**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Criminal Case No. 13-cr-0076-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANDRE J. TWITTY,

    Defendant.

---

**ORDER GRANTING MOTIONS TO PROCEED *PRO SE* AND FOR
ENDS-OF-JUSTICE CONTINUANCE**

---

Defendant Andre Twitty is charged in a five-count Indictment with mailing threatening letters to various federal judges, Assistant United States Attorneys, and other public figures, in violation of 18 U.S.C. § 876(c).  (ECF No. 1.)  Before the Court are: (1) Motion for Order to Allow Defendant to Proceed *Pro Se* with Advisory Counsel (ECF No. 37); and (2) Motion to Continue Trial due to Ends of Justice (ECF No. 39).  At a hearing on July 24, 2013, the Court granted both Motions.  The purpose of this Order is set forth the bases for the Court's rulings.

### I.  MOTION TO PROCEED *PRO SE*

An accused has a Sixth Amendment right to waive his right to counsel and conduct his own defense in a criminal case.  *Faretta v. California*, 422 U.S. 806, 821, 832 (1975); *United States v. Willie*, 941 F.2d 1384, 1388 (10th Cir. 1991).  However, a waiver of counsel will not be valid unless it is "'an intentional relinquishment or abandonment of a known right or privilege.'"  *Willie*, 941 F.2d at 1388 (quoting *United*

*States v. McConnell*, 749 F.2d 1441, 1450-51 (10th Cir. 1984)).  In determining whether a defendant has effectively waived his right to counsel, the Court must conduct two distinct inquiries: (1) determine whether the defendant voluntarily waives his right to counsel, *see United States v. Padilla*, 819 F.2d 952, 955-56 (10th Cir. 1987); and (2) determine whether the defendant's waiver of his right to counsel is made knowingly and intelligently.  *See id.* at 956.  The Court must "indulge in every reasonable presumption against waiver." *Baker v. Kaiser*, 929 F.2d 1495, 1500 (10th Cir. 1991).

At the July 24, 2013 hearing, the Court engaged in a lengthy colloquy with the Defendant.  Based on this exchange, the Court finds that the Defendant knows of his right to have counsel represent him free of charge and is aware of the disadvantages associated with representing himself.  The Court finds that the Defendant is aware of the consequences of his decision, including the penalties he faces if convicted of the crimes charged in the Indictment.  While not a trained lawyer, the Defendant has been educating himself about the law during his fifteen year incarceration and is aware of both the Federal Rules of Evidence and the Federal Rules of Criminal Procedure.  The Defendant knows that these rules will govern his trial, as well as pretrial proceedings, and that the Court cannot make exceptions to these rules simply because the Defendant is *pro se*.  Despite the Court informing the Defendant that it believes he would be better served having a trained attorney represent him at trial, Defendant persisted in his request to proceed *pro se*.

The Defendant is aware that the Court cannot assist him at trial and, therefore, asked that his counsel, J. Michael Dowling, be appointed as advisory counsel.  The

Court granted that request in as far as it sought to have Mr. Dowling appointed but appointed him as standby counsel rather than advisory counsel.[1]

Accordingly, the Court finds that Defendant has knowingly, voluntarily, and intelligently waived his right to counsel. Defendant's Motion for Order to Allow Defendant to Proceed *Pro Se* with Advisory Counsel (ECF No. 37) is GRANTED. Defendant shall be permitted to proceed *pro se*, with Mr. Dowling serving as standby counsel.

## II.  ENDS OF JUSTICE MOTION

Mr. Dowling has filed a Motion to Continue Trial Due to Ends of Justice. (ECF No. 39.) The written Motion seeks an exclusion of 60 days from the Speedy Trial clock, but at the hearing, Mr. Dowling amended his request and sought a 90 day exclusion. Neither the Defendant[2] nor the Government opposed this request.

---

[1] It is unclear whether the Tenth Circuit distinguishes between advisory and standby counsel. Other circuits have made the following distinction:

> Advisory counsel is generally used to describe the situation when a *pro se* defendant is given technical assistance by an attorney in the courtroom, but the attorney does not participate in the actual conduct of the trial. . . . "Standby" counsel refers to the situation where a *pro se* defendant is given the assistance of advisory counsel who may take over the defense if for some reason the defendant becomes unable to continue.

*Locks v. Sumner*, 703 F.2d 403, 407 (9th Cir. 1983).

[2] The Court notes that it received a letter from the Defendant dated July 21, 2013 in which he indicates that he does not want to delay the trial. (ECF No. 41.) However, the Defendant was present at the hearing while the ends-of-justice continuance was discussed and did not raise any objection. At the time the discussion over the ends-of-justice continuance occurred, the Court had already informed the Defendant that it was permitting him to proceed *pro se*. Thus, if the Defendant had an objection to the ends-of-justice continuance, he could have voiced it at the hearing. Because he did not, the Court considers the Motion unopposed.

The Speedy Trial Act is "designed to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in ensuring prompt criminal proceedings." *United States v. Hill*, 197 F.3d 436, 440 (10th Cir. 1999). It requires that a criminal defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later. *See* 18 U.S.C. § 3161(c)(1); *United States v. Lugo*, 170 F.3d 996, 1001 (10th Cir. 1999). Certain periods of delay are excluded and do not count toward the 70-day limit. *See* 18 U.S.C. § 3161(h)(1)-(9). Specifically, "the Act excludes any period of delay 'resulting from a continuance granted by any judge . . . on the basis of its findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" *Hill*, 197 F.3d at 440-441 (quoting 18 U.S.C. § 3161(h)(7)(A)).

In order for a continuance to qualify as an excludable "ends of justice" continuance under § 3161(h)(7)(A), certain prerequisites must be satisfied. *Hill*, 197 F.3d at 441. First, the Court must consider the following factors listed in § 3161(h)(7)(B):

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act];
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;

> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i) - (iv).

After considering these factors, the Court must then set forth, "in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."   *Hill*, 197 F.3d at 441*;* § 3161(h)(7)(A).  Although the Court's findings "may be entered on the record after the fact, they may not be made after the fact." *Hill*, 197 F.3d at 441 (quoting *United States v. Doran*, 882 F.2d 1511, 1516 (10th Cir.1989)).  "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive[.]'" *Id.* (quoting *Doran*, 882 F.2d at 1516).  The Court has discharged these duties.

Mr. Dowling's Motion is unopposed, and therefore, the averments of fact in the Motion have been confessed by the Government.  Thus, those foundational and predicate facts are deemed established, and the Court need not reiterate them here.  Defendant's Motion describes the various factors that counsel believes necessitate the exclusion of an additional 90 days in this case, and the Court adopts and incorporates those facts herein.

Mr. Dowling was appointed as counsel for the Defendant on June 11, 2013 (ECF No. 31) and, since such time, has been working diligently to become familiar with

Defendant's case, including reviewing discovery. However, based on the recent entry of appearance and the unclear nature of Mr. Dowling's status until the hearing, the Court finds that he needs a reasonable amount of additional time to review and analyze discovery information; conduct investigations; and be ready to step in for Defendant, if necessary, at trial. Therefore, the Court finds that 90 days should be excluded from the Speedy Trial clock to permit counsel time to review discovery, consult with the Defendant, and prepare for trial.

Based on the relevant record considered as a whole, the Court finds that it would be unreasonable to expect adequate preparation by Defendant and his standby counsel, despite due diligence, for pretrial or trial proceedings within the time initially allowed under 18 U.S.C. § 3161(c). The Court has considered the factors which it must under 18 U.S.C. § 3161(h)(7)(B)(i)-(iv). As required by 18 U.S.C. § 3161(h)(7)(C), the Court has not predicated its ruling on congestion of the Court's calendar or lack of diligent preparation by counsel. Accordingly, the Court finds as follows:

(1) That failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c) would likely result in a miscarriage of justice within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i);

(2) That even considering due diligence, failure to grant the motion would deny counsel for Defendant the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv);

(3) That 90 days should be excluded from the computation of the speedy trial time; and

(4)    That, therefore, the ends of justice served by granting the motion outweighs the best interests of the public and Defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

### III. CONCLUSION

For the reasons set forth above, the Court hereby ORDERS as follows:

1. Defendant's Motion for Order to Allow Defendant to Proceed *Pro Se* with Advisory Counsel (ECF No. 37) is GRANTED;

2. Defendant shall proceed *pro se* in this matter, unless and until the Defendant invokes his constitutional right to counsel;

3. Attorney J. Michael Dowling is APPOINTED as STANDBY COUNSEL for the duration of these proceedings;

4. Mr. Dowling's Unopposed Motion to Continue Trial Due to Ends of Justice (ECF No. 39) is GRANTED;

5. All days between July 24, 2013 and October 22, 2013 are EXCLUDED from the Speedy Trial Clock; and

6. The Court will enter a separate Order resetting the Trial date and related deadlines.

Dated this 25th day of July, 2013.

BY THE COURT:

William J. Martinez
United States District Judge