**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Criminal Action No. 13-cr-0076-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    **ANDRE J. TWITTY**

    Defendant.

---

**ORDER GRANTING DEFENDANT'S MOTION TO RECUSE**

---

Defendant Andre Twitty is charged in a five-count Superseding Indictment with mailing threatening letters to various federal judges, Assistant United States Attorneys, and other public figures in violation of 18 U.S.C. § 876(c). (ECF No. 24.) Defendant has waived his right to counsel and is representing himself in this action. (ECF No. 42.) Defendant has filed a slew of motions, but the only one before the Court is the Motion for Recusal ("Motion"). (ECF No. 53.) The Government filed its response[1] to the Motion (ECF No. 54) and the Motion is ripe for review. For the reasons set forth below, the Motion is granted.

**I.  LEGAL STANDARD**

A trial judge is required to recuse himself from "any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Recusal is required

---

[1] The Government's response was originally directed to the Defendant's Motion to Change Venue. However, because the Motion to Change Venue also seeks recusal of the undersigned, the Court has deemed the Government's response to apply to both Motions. (*See* ECF No. 54.)

"when there is the appearance of bias, regardless of whether there is actual bias." *Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002). "The test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). If so, the judge must recuse. *Id*.

On the other hand, a judge also has "as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995). The recusal statute should not be construed so broadly as to become presumptive or to require recusal based on unsubstantiated suggestions of personal bias or prejudice. *Switzer v. Berry*, 198 F.3d 1255, 1258 (10th Cir. 2000); *see also United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993) ("The statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice.").

## II. ANALYSIS

Count Five of the Superseding Indictment states:

> The Grand Jury further charges that between on or about May 9, 2011 and May 16, 2011, in the State and District of Colorado, ANDRE J. TWITTY, the defendant herein, did knowingly deposit in an authorized mail depository and knowingly caused to be delivered by the Postal Service according to the direction thereon, a communication addressed to any other person, and officials covered by 18 U.S.C. § 1114, to wit: an envelope addressed to the "Clerk of the Court, U.S. District Court, 901 19th St., Denver, CO 80294." The envelope contained correspondence with the salutations of "Hey Bitches" and "Punk ass Chief Judge" and contained threats to injure federal employees and others, by stating, among other things:

> "What <u>federal law</u>! says I cannot access <u>the courts</u> without an attorney . . . So I will continue to file and file and file. Then upon <u>release</u> (very soon) I will get my <u>justice my way</u>! . . . Think about all of those "<u>children</u>" who got Blown the <u>f**k</u> up in the <u>OKC Bombing</u>!!
> The federal Bullshit employee
> "<u>THINK</u>"
> they are above the law! They
> "<u>THINK</u>"
> they can <u>LIE</u> on someone! Then use their Bullshit <u>Law</u> that I <u>DO NOT respect</u> . . .
> Just a matter of time. And Justice will be mine! Then <u>suicide</u>!
> Now stop me! <u>USMC</u> you lying bastards started this <u>WAR</u> And I will finish it my way! <u>Bet that</u>! . . .
> Punk ass Chief Judge.
> Do you really think your Bullshit orders signed By your Bullshit clerks are going to stop me! I am Prepared to <u>DIE</u>! To get my <u>Justice</u>! You all will <u>never</u> get away with <u>sh*t</u>!
> As the staff here knows that I am going to use the law, until the last day! Then I can do what I have Planned. Then <u>suicide</u>!
> So I will always <u>WIN</u>!! . . .
> . . . So you all are done. . . .
> Notify the "<u>Denver Media</u>" so they will learn why, when the time <u>come</u>! . . . the public will know why I will do, what I have <u>planned</u> you lying bastard . . ."
>
> The foregoing was in violation of Title 18, United States Code, Section 876(c).

(ECF No. 24 at 8-9.) Defendant argues that the undersigned should recuse himself from this case because Count Five alleges that the Defendant made threats made against the Clerk of Court, the Chief Judge, and other employees in this District. (ECF No. 53.)

Though the threats were not made against the undersigned personally, threats to other judges in this District are at the heart of Count Five. When threats to a judicial officer form the basis for a request for recusal, a key factor in whether recusal is

3

necessary is the speaker's motivation for making the threats. *United States v. Greenspan*[2], 26 F.3d 1001, 1006 (10th Cir. 1994). The Tenth Circuit has held that "threats or attempts to intimidate a judge will not ordinarily satisfy the requirements for disqualification" because these threats are typically motivated by an intent to obtain a recusal. *Id*. However, "where there is no inference that the threat was some kind of ploy, a judge "should recuse" pursuant to section 455(a). *Id*.

In this case, there is no indication that the threats at issue in Count Five were motivated by a desire for the undersigned to recuse. In fact, one has to question whether Defendant would have sent the letters containing the alleged threats if he had known that this prosecution would result. That fact is key to the recusal inquiry and makes this case easily distinguishable from the cases in which a defendant is charged with robbing a bank, dealing drugs, or some other offense, and then threatens the presiding judge in an attempt to create a conflict or at least the perception of a conflict. In this case, Defendant's threatening statements are not ancillary to the prosecution; they are the entire reason that the charges were brought against Defendant. Pursuant to *Greenspan*, the Court finds that this factor weighs heavily in favor of recusal.

The Court notes that the undersigned has not been identified as a victim in this case and that the threats were not made directly to the undersigned or a member of his family. However, threats were made to the Clerk of Court and the Chief Judge, who are both colleagues and personal acquaintances. This also weighs in favor of recusal. *See United States v. Jordan*, 49 F.3d 152, 158 (5th Cir. 1995) (trial judge abused her

---

[2] Because the determination in a recusal case is "extremely fact driven", detailed analysis of other cases is not particularly helpful. See *Nichols*, 71 F.3d at 352.

discretion in presiding over a criminal case in which defendant was in a hostile relationship with the judge's close friend because a reasonable person would doubt the judge's impartiality).

Finally, the Government contends that Defendant's threatening communications addressed to the Clerk of Court were "motivated, at least in part, by a ruling or rulings by the United States District Court for the District of Colorado." (ECF No. 52 at 3.) The Government believes that opinions issued by various judges in this District "are inextricably intertwined in the threatening communication that [the Defendant] authored, forming the basis of Count Five of the Superseding Indictment." (*Id*. at 4-5.) Therefore, as part of its case-in-chief, a number of employees of the Clerk's office will be called as witnesses. "Under certain circumstances, a judge's relationship with a prospective witness is a proper basis for recusal." *City of New York v. Exxon Corp.*, 683 F. Supp. 70, 72 (S.D.N.Y. 1988). While the identities of the actual employees of the Clerk's office who will be called to testify in this case are unknown, the undersigned works in the same Courthouse as these employees and has frequent, and friendly, encounters with them. These pre-existing relationships could easily contribute to an appearance of bias.

Section 455 is concerned, not only with actual bias, but with the appearance of bias or prejudice. *See Liteky v. United States*, 510 U.S. 540, 548 (1988) ("[W]hat matters is not the reality of bias or prejudice but its appearance."). "[A] judge faced with a potential ground for disqualification ought to consider how his participation in a given case looks to the average person on the street." *Potashnick v. Port City Constr. Co.*, 609 F.2d 1101, 1111 (5th Cir. 1980). "If the issue of whether § 455 requires

disqualification is a close one, the judge must be recused." *Bryce*, 289 F.3d at 659.

As discussed above, the undersigned personally knows a number of the witnesses that will testify in this case. The threats at the heart of this case were made against colleagues of the undersigned and motivated by decisions which came from this District Court. There is no indication that Defendant made the alleged threats in an attempt to manufacture a recusal. For all of these reasons, the Court finds that recusal is appropriate.

### III.  CONCLUSION

For the reasons set forth above, Defendant's Motion for Recusal (ECF No. 53) is GRANTED. It is therefore ORDERED that the Judge's file be returned to the Clerk's office for the case to be reassigned by random draw.

Dated this 20th day of September, 2013.

BY THE COURT:

William J. Martinez
United States District Judge